# THE BERKMAN LAW OFFICE, LLC

829 E 15TH STREET, BROOKLYN, NY 11230 | P 718.855.3627  F 718.855.4696 | BERKMANLAW.COM

March 12, 2025

**BY ECF**
Hon. Jesse M. Furman
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:  *M.K. v. Joyce, et al.*
          Case no. 25-cv-01935

Dear Judge Furman,

    The undersigned represents the Shurat HaDin – Israel Law Center ("SHD") which represents victims of Palestinian terrorism, including victims of the October 7, 2023 Hamas massacre. SHD has also been active regarding the interests of students whose physical safety on college campuses has been threatened by aggressive pro-Hamas, pro-terrorist protests, such as those the Petitioner in this proceeding have led. And SHD is presently assisting victims of the October 7 terrorist attacks with a lawsuit against Students for Justice in Palestine, which is a precursor of the Columbia University Apartheid Divest ("CUAD") organization which Petitioner heads at Columbia University.

    SHD and I have attempted to follow the proceedings in this matter. At first we could not find the proceeding because the Petitioner is named by his initials only. And once we found it, unfortunately, the Clerk's office advised that because of the code used by Petitioner to open this case, all case documents (even innocuous ones such as notices of appearance and court orders) are "restricted" such that they are available for public view at the public terminals in the Clerk's office, but cannot be printed out and cannot be accessed via PACER.

    There is a strong presumption of public access to court records. *See, e.g., Olson v. Major League Baseball,* 29 F.4th 59, 87 (2d Cir. 2022). Although not every document filed with a court is subject to the "right of public access," judicial documents—those relevant to the performance of the judicial function and useful in the judicial process—are presumptively public. *See Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006) (*citing United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995)). To overcome the presumption of public access, the court must find that sealing is "necessary to preserve higher values" and is "narrowly tailored to achieve that aim." *Brown v. Maxwell,* 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 124).

      This is obviously a case of national and international interest that is being followed by people the world over. Given that the case documents are actually publicly available, albeit in a very inconvenient manner that requires travelling to Manhattan and visiting the Clerk's office during business hours, the hearings in this matter are public, and the docket entries (but not the documents filed) are publicly viewable on PACER, there does not seem to be a true confidentiality issue afoot. The restriction only serves to create inconvenience and expense, and does not serve any legitimate or worthy purpose. To the contrary, the absence of access to the case documents has led to misunderstanding and inaccuracies in media reports about this case. In a case where Petitioner harps on a constitutional rights and free speech theme, it is ironic that the same Petitioner filed the case in a way that restricts public access to the proceedings.

      It is respectfully requested that the Court review the access restriction and make the docket publicly available via PACER, which is the normal way court documents are made available to the public in the 21st century.

Respectfully yours,

Robert J. Tolchin

cc. All counsel of record b ECF