UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAHMOUD KHALIL,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. JOYCE, *et al.*,<br><br>Respondents. | No. 25 Civ. 1935 (JMF)<br><br>DECLARATION OF ACTING FIELD OFFICE DIRECTOR WILLIAM P. JOYCE |

**DECLARATION OF WILLIAM P. JOYCE**

I, WILLIAM P. JOYCE, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1.  I am an Acting Field Office Director ("(A)FOD") in the New York City Field Office of Enforcement and Removal Operations ("ERO New York") at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS").

2.  I am aware that Mahmoud Khalil ("Khalil") has filed an Amended Petition for a Writ for Habeas Corpus before this Court.

3.  As the (A)FOD, I am responsible for, among other things, oversight of the civil immigration arrest and detention of aliens in the New York City area. In my role as the (A)FOD, I have access to records maintained in the ordinary course of business by ICE, including documentary records concerning ERO New York and the alien detainees who fall within its responsibility.

4. I provide this declaration based on my personal knowledge, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, and information portals maintained and relied upon by DHS in the regular course of business.

5. Khalil is a native of Syria and citizen of Algeria who entered the United States under a F1 visa on December 20, 2022.

6. On November 16, 2024, Khalil obtained Lawful Permanent Resident ("LPR") status as the spouse of a United States citizen.

7. On March 8, 2025, Special Agents from the ICE Homeland Security Investigations ("HSI") Office of the Special Agent in Charge for the New York Area of Responsibility ("AOR") arrested Khalil at 8:35 p.m. at 195 Claremont Avenue in Manhattan, New York, for the purpose of placing him in removal proceedings. HSI transported him to 26 Federal Plaza at 8:44 p.m. and arrived at 9:20 p.m. While at 26 Federal Plaza, HSI served Khalil with a Notice to Appear ("NTA"), which charged him as removable pursuant to 8 U.S.C. § 1227(a)(4)(C)(i), in that the Secretary of State has reasonable grounds to believe that his presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States ("Exhibit A"). HSI also served Khalil with a Notice of Custody Determination, notifying Khalil that his detention was governed by 8 U.S.C. § 1226(a) (immigration custody during removal proceedings).

8. Due to the lack of available detention space available to ERO New York, aliens arrested by ICE in that AOR are often detained at facilities in other AORs. This is an operational necessity to prevent overcrowding in ICE facilities.

9. Orange County Jail in Goshen, New York did not have available detention space to accommodate Khalil and many ICE detention facilities throughout the Northeastern United States

are near or at capacity and engaged in efforts to relocate detained aliens to regions with available bedspace.

10. Between March 8, 2025 and March 9, 2025, ERO New York transported sixteen detained aliens, including Khalil, from ERO New York's AOR to New Orleans Field Office of Enforcement and Removal Operations ("ERO New Orleans") AOR. Most of these transfers were for ongoing detention, while a small number were being staged for removal. ERO New Orleans has administrative control of eight different detention facilities, meaning that AOR is often able to accommodate transfers when other AORs are not.

11. Newark Field Office of Enforcement and Removal Operations ("ERO Newark") indicated that Elizabeth Detention Facility in Newark, New Jersey was experiencing and continues to experience a bedbug issue that prevented them from accepting detainees as full transfers. ERO New York did not request bed space from Philadelphia Field Office of Enforcement and Removal Operations ("ERO Philadelphia") or Buffalo Field Office of Enforcement and Removal Operations ("ERO Buffalo") based on awareness of general paucity of bedspace in those AORs compared to the known availability of bedspace in ERO New Orleans' AOR, as well as the need for those AORs to accommodate their own ongoing operations.

12. While Khalil was at 26 Federal Plaza, ERO sought and obtained bedspace for Khalil from the ERO New Orleans Field Office. The bedspace request for Khalil was made at 10:49 p.m. on March 8, 2025. The travel packet for Khalil and his escorting officers was finalized at 3:57 a.m. on March 9, 2025, with a flight scheduled for 2:35 p.m. on March 9, 2025.

13. ICE's facility at 26 Federal Plaza is a Hold Room facility used for detention of individuals awaiting removal, transfer, EOIR hearings, medical treatment, intra-facility movement, or other processing into or out of a facility and it does not have beds or overnight

medical staff. ICE ERO policy number 11087.2 dictates that absent exceptional circumstances, no detainee should be housed in a Hold Room facility for longer than 12 hours.

14. In compliance with this policy, upon completion of initial processing, Khalil departed 26 Federal Plaza at 1:40 a.m. and ICE transported Khalil to Elizabeth Detention Facility in Newark, New Jersey, where he was physically present and booked into the detention facility at 2:20 a.m. Eastern Standard Time (3:20 a.m. Eastern Daylight Time) on March 9, 2025. Elizabeth Detention Facility has comprehensive overnight accommodations for detainees such as beds and 24-hour medical staff. As stated above, Khalil could not be housed at Elizabeth Detention Facility long-term due to the bedbug issue, so he remained there only until his flight to New Orleans.

15. At the time Khalil filed a petition for a writ of habeas corpus in the Southern District of New York, he was detained at Elizabeth Detention Facility in Newark, New Jersey.

16. On March 9, 2025, Khalil departed Elizabeth Detention Facility at 11:30 a.m. and was brought to the airport to be transported to the Central Louisiana ICE Processing Facility in Jena, Louisiana.

17. On March 10, 2025, Khalil was booked into the Central Louisiana ICE Processing Facility at 12:33 a.m., Central Time and he has been detained at that detention facility since that time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __14__ day of March 2025.

WILLIAM P JOYCE
Digitally signed by WILLIAM P JOYCE
DN: cn=WILLIAM P JOYCE, o=U.S. Government, ou=People, email=William.P.Joyce@ice.dhs.gov, c=US
Date: 2025-03-14T21:22:02-0400

_____
William P. Joyce


Acting Field Office Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

# Exhibit A

DEPARTMENT OF HOMELAND SECURITY
**NOTICE TO APPEAR**

DOB: ▮
Event No: ▮

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: ▮     FINS: ▮     File No: ▮

In the Matter of:

Respondent: MAHMOUD KHALIL _____ currently residing at:

▮_____
(Number, street, city, state and ZIP code)        (Area code and phone number)

☐ You are an arriving alien.

☐ You are an alien present in the United States who has not been admitted or paroled.

☒ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of SYRIA and a citizen of ALGERIA;

3. You were admitted to the United States at unknown place on or about unknown date as a unknown manner;ORYour status was adjusted to that of a lawful permanent resident on November 2024 under section 212 (a)(3)(C) of the Act;

4. The Secretary of State has determined that your presence or activities in the United States would have serious adverse foreign policy consequences for the United States.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(4)(C)(i) of the Immigration and Nationality Act, as amended, in that the Secretary of State has reasonable ground to believe that your presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8CFR 208.30    ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

830 PINEHILL RD JENA LA 71342. LASALLE DETENTION FACILITY
_(Complete Address of Immigration Court, including Room Number, if any)_

on _March 27, 2025_ at _8:30 AM_ to show why you should not be removed from the United States based on the
   (Date)        (Time)

charge(s) set forth above.    TIMOTHY MORAN - Supervisory Special Agent   TIMOTHY M MORAN JR _(digitally signed)_
_(Signature and Title of Issuing Officer)_

Date: _March 9, 2025_    26 Federal Plaza, New York, NY
_(City and State)_

DHS Form I-862 (6/22)                                        Page 1 of 3

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
(Signature of Respondent)

Date: _____

_____
(Signature and Title of Immigration Officer)

### Certificate of Service

This Notice To Appear was served on the respondent by me on March 9, 2025, in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person    [ ] by certified mail, returned receipt # _____ requested    [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[ ] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

(X) Refused to sign (B)
(Signature of Respondent if Personally Served)

TIMOTHY M MORAN JR  Digitally signed by TIMOTHY M MORAN JR
Date: 2025.03.09 09:41:28 -05'00'
TIMOTHY MORAN - Supervisory Special Agent
(Signature and Title of officer)

DHS Form I-862 (6/22)

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.