<u>*VIA ECF*</u>

The Honorable Judge Jesse M. Furman
U.S. District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 1105
New York, NY 10007

        RE:    *Khalil v. Trump*, 1:25-cv-01935-JMF
                 Motion to File Exhibits with Redactions

Dear Honorable Judge Furman:

        Counsel for Petitioner in the above-referenced case respectfully submits this letter motion seeking leave to file certain exhibits to the Motion for Release Under *Mapp v. Reno*, in redacted form. Petitioner seeks leave to place narrowly-tailored redactions over his own personally identifying information as well as the names and other personally identifying information of non-parties in the following exhibits: Exhibits B, C, D, E, F, G, H.[1] Pursuant to Your Honor's Individual Rules and Practices in Civil Cases 7(C)(iii), Petitioner has filed unredacted copies of the exhibits he seeks to redact under seal, with the proposed redactions highlighted, and has electronically related the under seal filing to this motion. Respondents take no position with respect to this request.

        Federal Rule of Civil Procedure 5.2(d) permits a court to order a filing be made under seal or in redacted form. Fed. R. Civ. P. 5.2(d). Such an order is appropriate when a moving party demonstrates a sufficiently "compelling interest" in restricting public access, and that sealing is necessary "to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

---

[1] Under 7(A) of Your Honor's Individual Rules and Practices in Civil Cases, parties may redact certain categories of "sensitive information" and "information requiring caution" without Court approval, including date of birth, medical records, employment history, and home addresses. Accordingly, Petitioner has redacted all such information from the exhibits to his Motion for Release under *Mapp v. Reno*.

The exhibits Petitioner seeks leave to redact contain the names, and other personally identifying information of third parties, including home or work addresses, phone numbers, email addresses, and employment information. Redacting the names and personally identifying information of third parties is appropriate notwithstanding the presumption of access discussed by the Second Circuit in *Lugosch* in light of the strong privacy interests of third parties. *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)). The privacy interest of a third party is particularly strong where, as here, nonparties face the possibility of harassment if their names are revealed. *See Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2022 WL 2663490, at *3 (S.D.N.Y. July 11, 2022) (permitting sealing of an expert witness' personally identifying information in light of harassment concerns); *In re Bofi Holding, Inc. Sec. Litig.*, No. 15-CV-2324-GPC-KSC, 2021 WL 3700749, at *8 (S.D. Cal. July 27, 2021) (sealing documents containing the names and addresses of nonparties to "prevent the 'misuse' of this identifying information to harass" the nonparties).

Here, third parties, including declarants, have an interest in protecting their names and other personally identifying information and a particularized concern about harassment if their names, or other identifying information, is revealed. This case concerns Petitioner's Palestine-related advocacy, for which he and others associated with him have received death threats and other serious forms of harassment.[2] Harassment campaigns, particularly online, against individuals connected to Palestine-related advocacy are well-documented.[3] The redactions Petitioner proposes

---

[2] Nia Prater, *What We Know About the Arrest of Mahmoud Khalil*, New York Magazine (Mar. 13, 2025), https://nymag.com/intelligencer/article/mahmoud-khalil-columbia-student-pro-palestine-activist-what-we-know.html (describing harassment targeted at Petitioner).

[3] Chris Burrell and Esteban Bustillos, *Local Muslims, pro-Palestinians face spike in doxxing intimidation*, WGBH News (Nov. 10, 2023), https://www.wgbh.org/news/local/2023-11-10/local-muslims-pro-palestinians-face-spike-in-doxxing-intimidation; Ramishah Maruf, *For Palestinian Americans and activists, doxxing is nothing new*, CNN

are narrowly tailored to protect information that may be misused to harass declarants. *See In re Bofi Holding, Inc. Sec. Litig.*, 2021 WL 3700749, at *8.

Even in the absence of particularized privacy concerns, courts in this District routinely redact or seal the names and personal identifying information of non-parties. *UMB Bank, N.A. v. Bristol-Myers Squibb Co.*, No. 21-CV-4897 (JMF), 2024 WL 4355029, at *12 (S.D.N.Y. Sept. 30, 2024) (Furman, J.) (redacting personally identifying information of non-parties); *IBM Arb. Agreement Litig.*, No. 21-CV-6296 (JMF), 2022 WL 3043220, at *3 (S.D.N.Y. Aug. 2, 2022), aff'd, 76 F.4th 74 (2d Cir. 2023) (Furman, J.) (redacting names of non-parties); *Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC), 2023 WL 6164293, at *3–4 (S.D.N.Y. Sept. 21, 2023) (sealing names of non-parties).

Thank you for your consideration of this submission.

Dated: March 14, 2025  
New York, NY

Respectfully submitted,

**WASHINGTON SQUARE LEGAL SERVICES, INC.**
**IMMIGRANT RIGHTS CLINIC**
_____/s/_____
Alina Das, Esq.
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430
alina.das@nyu.edu

**CENTER FOR CONSTITUTIONAL RIGHTS**
_____/s/_____
Baher Azmy
Samah Sisay
Diala Shamas
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6436

---

Business (Oct. 15, 2023) https://www.cnn.com/2023/10/15/business/palestinian-americans-activists-doxxing/index.html.

bazmy@ccrjustice.org
ssisay@ccrjustice.org
dshamas@ccrjustice.org

**CLEAR Project**
**Main Street Legal Services, Inc.**
\_\_\_\_\_/s/_____
Ramzi Kassem
Naz Ahmad
Mudassar Hayat Toppa
Shezza Abboushi Dallal
CUNY School of Law
2 Court Square
Long Island City, NY  11101
(718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
mudassar.toppa@law.cuny.edu
shezza.dallal@law.cuny.edu

**New York Civil Liberties Union Foundation**
\_\_\_\_\_/s/_____
Amy Belsher
Robert Hodgson
Veronica Salama
Molly Biklen
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
abelsher@nyclu.org

**American Civil Liberties Union Foundation**
\_\_\_\_\_/s/_____
Omar Jadwat
Noor Zafar
Sidra Mahfooz*
Brian Hauss
Brett Max Kaufman
Esha Bhandari
Vera Eidelman
Tyler Takemoto*
American Civil Liberties Union Foundation
125 Broad Street, Floor 18
New York, NY 10004
ojadwat@aclu.org

\**Application for admission* pro hac vice *forthcoming*

        **DRATEL & LEWIS**
        _____/s/_____
        Amy E. Greer
        29 Broadway, Suite 1412
        New York, NY 10006
        Phone:(212)732-8805
        Fax: (212) 571-3792
        Email: agreer@dratellewis.com

*Counsel for Petitioner*