IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mahmoud KHALIL,<br><br>        *Petitioner*,<br><br>  v.<br><br>Donald J. TRUMP, in his official capacity as President of the United States; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Caleb VITELLO, Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the United States Department of Homeland Security; Marco RUBIO, in his official capacity as Secretary of State; and Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice,<br><br>        *Respondents*. | No. 25 Civ. 1935 |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW
IN OPPOSITION TO RESPONDENTS' MOTION TO DISMISS OR TRANSFER**

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
Amy Belsher
Robert Hodgson
Veronica Salama
Molly Biklen
New York Civil Liberties Union
Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
abelsher@nyclu.org

*\*Pro hac vice application forthcoming*

*(Additional Counsel on next page)*

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Brett Max Kaufman
Omar Jadwat
Noor Zafar
Sidra Mahfooz*
Brian Hauss
Esha Bhandari
Vera Eidelman
Tyler Takemoto*
American Civil Liberties Union
Foundation
125 Broad Street, Floor 18
New York, NY 10004
Tel: (212) 549-2500
bkaufman@aclu.org

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
Ramzi Kassem
Naz Ahmad
Shezza Abboushi Dallal
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4558
ramzi.kassem@law.cuny.edu
naz.ahmad@law.cuny.edu
shezza.dallal@law.cuny.edu

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel:: (212)732-8805
Fax: (212) 571-3792
agreer@dratellewis.com

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Samah Sisay
Diala Shamas
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6464
bazmy@ccrjustice.org
ssisay@ccrjustice.org
dshamas@ccrjustice.org

WASHINGTON SQUARE LEGAL SERVICES, INC.
Alina Das, ESQ.
Immigrant Rights Clinic
245 Sullivan Street, 5th Floor
New York, New York 10012
Tel: (212) 998-6430
alina.das@nyu.edu

*Counsel for Petitioner*

**INTRODUCTION**

Petitioner files this supplemental memorandum of law pursuant to the Court's order, ECF No. 63, to address the significance of three Title 28 provisions and related case law in resolving the government's motion to dismiss or transfer this case. Petitioner maintains that venue is proper in this District, such that these venue transfer provisions need not come into play. *See* Opp. 10–16 (ECF No. 50). However, if this Court disagrees, these provisions demonstrate why neither dismissal nor transfer to Louisiana are permissible. Indeed, these statutes and cases underscore that (1) there are no grounds for dismissal of this case because venue is an issue of personal, not subject matter, jurisdiction, and that (2) *if* this Court holds that the warden of Elizabeth County Detention Center is the only proper respondent in this case, it should permit Petitioner to amend or transfer the case to the District of New Jersey.

**ARGUMENT**

**I.   Transfer, rather than dismissal, would be appropriate should the Court conclude that this District is not the proper venue.**

The government argues for dismissal, but as one of the cases cited in the Court's order clearly explains, "[t]he Supreme Court and Second Circuit have been clear . . . that the district of confinement rule is 'not jurisdictional in the sense of a limitation on subject-matter jurisdiction.'" *Rivera-Perez v. Stover*, No. 3:23-CV-1348, 2024 WL 4819250, at *5 (D. Conn. Nov. 18, 2024) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 451 (2002) (Kennedy, J., concurring)) (citing *Skaftourous v. United States*, 667 F.3d 144, 146 n.1 (2d Cir. 2011)). This Court may therefore invoke its authority under the federal transfer statutes even if it does not believe venue lies here over Mr. Khalil's petition. *See Cruz v. Decker*, No. 18 Civ. 9948, 2019 WL 4038555, at *2 (S.D.N.Y. Aug. 27, 2019) ("*Padilla*'s 'immediate custodian rule is a venue rule.'" (quoting

*Mahmood v. Nielsen*, 312 F. Supp. 3d 417, 423 (S.D.N.Y. 2018)), *aff'd*, 2019 WL 6318627 (S.D.N.Y. Nov. 26, 2019)); *see also* 28 U.S.C. § 1406(a) (transfer in case of "wrong" venue).

If the Court is not persuaded that venue over Mr. Khalil's petition lies here, it should transfer the petition to the District of New Jersey "in the interest of justice." 28 U.S.C. § 1404(a); 28 U.S.C. § 1406(a); 28 U.S.C. § 1631. Under all three statutes, if the Elizabeth Detention Facility warden is regarded as the proper respondent, venue would have been proper in the District of New Jersey at 4:40 a.m. on March 9, because that District has personal jurisdiction over the custodian. *See Padilla*, 542 U.S. at 451 (Kennedy, J., concurring); *accord Rasul v. Bush*, 542 U.S. 466, 478–79 (2004) (district court acts within the habeas statute's grant of jurisdiction as long as it has jurisdiction over the custodian); *see also* Am. Pet ¶¶ 54, 61–62 (ECF No. 38).

As the Supreme Court has explained, dismissal of an action "mistake[nly]" filed in the wrong venue is a "time-consuming and justice-defeating" "penal[ty]" foist upon a plaintiff for failure to abide mere "technicalities." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (quotation marks omitted). In enacting the three relevant statutes, "Congress . . . recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred" instead. *Id.* In evaluating the interests of justice, "courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citing *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir.1996); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 567 (9th Cir.1994); *Kolek v. Engen*, 869 F.2d 1281,1284 (9th Cir.1989)).

All three of those factors are satisfied here. Dismissal would cause prejudice to Mr. Khalil by requiring him to re-file his petition in the Western District of Louisiana, where he is currently detained. Not only would that force him to litigate his claims far from his home, his

2

wife, his community, and his lawyers, it would delay the adjudication of the urgent relief he is currently seeking in this Court. *See* Mot. to Compel (ECF No. 11); Mot. for Release Under *Mapp* (ECF No. 53); Mot. for P.I. (ECF No. 66); *see also Darboe v. Ahrendt*, 442 F. Supp. 3d 592, 596 (S.D.N.Y. 2020) (transferring pending bail motion upon transfer of habeas petition under 28 U.S.C. § 1406(a)). Further, Mr. Khalil's lawyers acted entirely in good faith in filing his petition in this District, based on the government's consistent representations that this is where Mr. Khalil would be and was located throughout the night of the filing. *See* Opp. 12 & n.3. Last, all other equities favor transfer to the District of New Jersey rather than dismissal. Mr. Khalil lives with his wife, who is eight months pregnant, in upper Manhattan, close enough to see New Jersey from his apartment building. Am. Pet. ¶ 9. All of the protected speech activities upon which the government has based his detention and threatened his removal from the country took place near there, meaning that witnesses and records are located in the tri-state area. *Id.* ¶ 22–24, 44. And the only reason that venue in this District is even, in the government's view, in question is that, at the direction of Respondent Joyce, the government temporarily took Mr. Khalil across the river to New Jersey, where he was when his lawyers filed his habeas petition. *Id.* ¶ 54, 61–63; Second Joyce Decl. ¶ 15 (ECF No. 48).[1]

---

[1] Notably, Respondents' arguments and the record only underscore why this Court may properly exercise jurisdiction over the Field Office Director in this case. Here, there is at least "an indication" that the government sent Mr. Khalil to New Jersey (and then back to New York, and on to Texas, and then on to Louisiana) "to make it difficult for his lawyer to know where the habeas petition should be filed." *Padilla*, 542 U.S. at 454 (Kennedy, J., concurring); *see* Am Pet. ¶¶ 55, 58, 61–65. Alternatively, there is far more than "an indication" that "the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Padilla*, 542 U.S. at 454; *see* Am. Pet. ¶¶ 53–55, 61–64. Under either exception, venue is proper here. And even if not, Respondent Joyce is the proper custodian in this District in connection with Mr. Khalil's petition, which not only challenges his current detention but his unconstitutional arrest and transfer, and seeks remedies beyond release. *See* Opp. 16–17. And Respondent Joyce's office had custody of Mr. Khalil at the time of his habeas filing and is the entity that could have produced him before this court, from the time of his arrest through his transfer to Louisiana,

It is therefore manifestly not in the interest of justice to dismiss the petition (or transfer it to Louisiana) when, assuming the Court determines it lacks jurisdiction, the District of New Jersey is an available transferee district.

## II. This Court has no basis to transfer this case to the Western District of Louisiana.

As the Court's order points out, 28 U.S.C. § 1404(a) allows a district court to "transfer any civil action to any other district or division where it might have been brought." That provision applies to habeas cases. *See, e.g.*, *Minaya-Rodriguez v. Warden*, No. 23 Civ. 8632, 2023 WL 7413683, at *1 (S.D.N.Y. Oct. 10, 2023); *Bacuku v. Shanahan*, No. 16 Civ. 0305, 2016 WL 1162330, at *1 (S.D.N.Y. Mar. 1, 2016).

Critically, here, "[t]he phrase 'where it might have been brought' refers to the situation at the time that the suit is brought." *Harry Rich Corp. v. Curtiss-Wright Corp.*, 308 F. Supp. 1114, 1116 (S.D.N.Y. 1969); *see Am. Tel. & Tel. Co. v. Milgo Elec. Corp.*, 428 F. Supp. 50, 52 (S.D.N.Y. 1977); *see also Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ("the situation which existed when suit was instituted"). That means that, "[f]or the purposes of section 1404(a), an action might have been brought in another forum if, *at the time the action was originally filed*, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court." *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004) (emphasis added) (citing 17 James Wm. Moore et al., *Moore's Federal Practice* § 111.12 (3d ed. 2003)); *Guardian Life Ins. Co. of Am. v. Coe*, 724 F. Supp. 3d 206, 213 (S.D.N.Y. 2024).

---

never even admitting him as a short-term detainee in New Jersey. That distinguishes this case from others involving the common scenario of habeas petitioners held in long-term detention by a contract warden. *See* Opp. 14–16 & n.4; *see also* Jordan Wells, *Examining ICE's Apparent Attempt to Manipulate Court Jurisdiction Through Its Rapid Transfer of Mahmoud Khalil*, ImmigrationProf Blog (Mar. 17, 2025), https://perma.cc/6YYW-Y7LC.

4

The same analysis applies to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1631. Both statutes use almost identical language to section 1404(a), and require that any transferee venue have been a proper venue at the time a case was filed. *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 1631. The government might argue that the phrase "'where it might have been brought' should be held to relate not only to the time of the bringing of the action, but also to the time of the transfer." *Hoffman v. Blaski*, 363 U.S. 335, 342 (1960). But long ago, the Supreme Court forcefully rejected that interpretation: the language of section 1404(a) cannot "be interpreted to mean . . . 'where it may now be rebrought, with defendants' consent.'" *Id.* at 342–43.

By the plain terms of the transfer statutes, transfer to the Western District of Louisiana is improper because, at the time of filing, Mr. Khalil could not have brought the petition there. Respondents represent that, upon the filing of his petition at 4:40 a.m. on March 9, 2025, Mr. Khalil was physically in New Jersey. Am. Pet. ¶¶ 54, 61–62 (ECF No. 38); Joyce Decl. ¶ 15 (ECF No. 48). However, the record reflects that ICE never admitted Mr. Khalil into Elizabeth Detention Center, Am. Pet. ¶ 62, and that the New York ICE Field Office kept Mr. Khalil's belongings, and left him in a New Jersey waiting room until officers from the same office arrived a few hours later, with his possessions, to take him back to New York and onward to JFK Airport. *Id.* ¶ 61–64. While Petitioner maintains his argument that Respondent Joyce was the immediate custodian and "warden" for purposes of his confinement at the time of filing, the only other alternative is the warden of Elizabeth Detention Center in the District of New Jersey.

## CONCLUSION

Respectfully, this District remains the proper venue for the litigation. However, if the Court determines otherwise, it should expeditiously transfer Mr. Khalil's petition to the District of New Jersey, along with all pending motions.

5

| | |
|---|---|
| Dated: March 17, 2025 | /s/ *Brett Max Kaufman* |

| | |
|---|---|
| NEW YORK CIVIL LIBERTIES UNION FOUNDATION<br>Amy Belsher<br>Robert Hodgson<br>Veronica Salama<br>Molly Biklen<br>New York Civil Liberties Union Foundation<br>125 Broad Street, 19th Floor<br>New York, N.Y. 10004<br>Tel: (212) 607-3300<br>abelsher@nyclu.org<br><br>CLEAR PROJECT<br>MAIN STREET LEGAL SERVICES, INC.<br>Ramzi Kassem<br>Naz Ahmad<br>Shezza Abboushi Dallal<br>CUNY School of Law<br>2 Court Square<br>Long Island City, NY 11101<br>Tel: (718) 340-4558<br>ramzi.kassem@law.cuny.edu<br>naz.ahmad@law.cuny.edu<br>shezza.dallal@law.cuny.edu<br><br>DRATEL & LEWIS<br>Amy E. Greer<br>29 Broadway, Suite 1412<br>New York, NY 10006<br>Tel:: (212)732-8805<br>agreer@dratellewis.com<br><br><br>*Counsel for Petitioner* | AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>Brett Max Kaufman<br>Omar Jadwat<br>Noor Zafar<br>Sidra Mahfooz*<br>Brian Hauss<br>Esha Bhandari<br>Vera Eidelman<br>Tyler Takemoto*<br>American Civil Liberties Union Foundation<br>125 Broad Street, Floor 18<br>New York, NY 10004<br>Tel: (212) 549-2500<br>bkaufman@aclu.org<br><br>\**Application for admission* pro hac vice *forthcoming*<br><br>CENTER FOR CONSTITUTIONAL RIGHTS<br>Baher Azmy<br>Samah Sisay<br>Diala Shamas<br>666 Broadway, 7th Floor<br>New York, NY 10012<br>Tel: (212) 614-6464<br>bazmy@ccrjustice.org<br>ssisay@ccrjustice.org<br>dshamas@ccrjustice.org<br><br>WASHINGTON SQUARE LEGAL SERVICES, INC.<br>Alina Das, ESQ.<br>Immigrant Rights Clinic<br>245 Sullivan Street, 5th Floor<br>New York, New York 10012<br>Tel: (212) 998-6430<br>alina.das@nyu.edu |

6